UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-00250-CAS(JCx) | Date | February 24, 2015 |
|---|---|---|---|
| Title | ABP PROPERTIES, LLC V. LETICIA MUNGUIA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:**   (In Chambers) ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

## I.    INTRODUCTION

On October 20, 2014 plaintiff APB Properties, LLC ("APB") filed a complaint for unlawful detainer in Los Angeles Superior Court against defendant Leticia Munguia ("Munguia") and all occupants in possession of the subject property at 1148 S. Fresno Street, Los Angeles, California. On January 13, 2015, Munguia removed this action to federal court. Dkt. No. 1. On  On January 21, 2015, APB filed an ex parte application for remand. Dkt. No. 6. On February 2, 2015, the Court, noting the probable lack of federal jurisdiction, issued an order to show cause why this case should not be remanded. Dkt. No. 9. Munguia responded to that order on February 17, 2015. Dkt. No. 11. After considering the parties' arguments, the Court finds that the case must be remanded for the following reasons.

## II.   DISCUSSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). For the following reasons, Munguia has not met this burden, and remand is required.

### A.    The Court Does Not Have Diversity Jurisdiction.

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-00250-CAS(JCx) | Date | February 24, 2015 |
| Title | ABP PROPERTIES, LLC V. LETICIA MUNGUIA | | |

parties of diverse citizenship. In an unlawful detainer action, the amount in controversy is "the amount of damages sought in the complaint, not the value of the subject real property." Litton Loan Servicing, L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011); accord Ward v. Hernandez, No. EDCV 13-01458 JGB (SPx), 2013 WL 5840445, at *3 n.1 (C.D. Cal. Oct. 25, 2013). Here, the original complaint pleads damages of $52.60 per day, beginning on November 01, 2014. Thus, even if complete diversity of citizenship exists, the complaint pleads damages of less than $5,000, and indeed states on its face that the "amount demanded does not exceed $10,000." Dkt. No. 1 Ex. B. Therefore, the Court lacks diversity jurisdiction.

### B.     The Court Does Not Have Federal Question Jurisdiction

Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936). A federal defense is not part of a plaintiff's claim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"). Nor can a defendant's attempt to add federal counterclaims create subject matter jurisdiction. See Cal. Equity Mgmt. Grp., Inc. v. Jiminez, No. 13-cv-1222 JSC, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses."); Fed. Nat'l Mortg. Ass'n v. Sue Lin Poh, No. C-12-02707 JCS, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) ("[W]hether a case arises under federal law does not depend upon matters raised in the answer or in counterclaims.").

Here, the complaint alleges a single state-law claim for unlawful detainer. It is well settled that "[u]nlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, No. 1:11-cv-01225 LJO GSA, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust Co.v. Leonardo, No. CV 11-3979 PSG (AJWx), 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1. 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Therefore, the Court does not have federal question jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-00250-CAS(JCx) | Date | February 24, 2015 |
| Title | ABP PROPERTIES, LLC V. LETICIA MUNGUIA | | |

### C. Civil Rights Removal Is Not Proper.

Munguia argues that removal is proper under 28 U.S.C. § 1443(1). To support removal under that statute, a petitioner must (1) assert "rights that are given . . . by explicit statutory enactment protecting equal racial civil rights," and (2) "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970); see Georgia v. Rachel, 384 U.S. 780, 792 (1966). "Bad experiences with the particular court in question will not suffice." Sandoval, 434 F.2d at 636. "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966). Moreover, as the Supreme Court has explained:

> [R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts. A state statute authorizing the denial affords an ample basis for such a prediction.

Id. at 801. Therefore, for removal to be proper, the denial of rights must "be manifest in a formal expression of state law." Id. at 803. "Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis." Ward v. Hernandez, No. EDCV 13-01458 JGB (SPx), 2013 WL 5840445, at *3 (citing Bogart v. California, 355 F.2d 377, 380–181 (9th Cir. 1966)).

Munguia alleges that her asserted federally secured rights arise under 42 U.S.C. §§ 1981 and 1982. These provisions ensure that all citizens of the United States have the same rights "as is enjoyed by white citizens" to "make and enforce contracts, to sue, be parties, [and] give evidence" (§ 1981); and to "inherit, purchase, lease, sell, hold, and convey real and personal property" (§ 1982). Although Munguia has pointed to federally secured rights stated in terms of race, satisfying the first element of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-00250-CAS(JCx) | Date | February 24, 2015 |
| Title | ABP PROPERTIES, LLC V. LETICIA MUNGUIA | | |

§ 1443(1) test, she has failed to show that she cannot enforce those rights in the state court.

Munguia alleges that California Civil Code § 2924 "operates as a pervasive and explicit state law which . . . is designed to deny [persons] their rights, stated in terms of racial equality, guaranteed by" §§ 1981 and 1982.[1] Dkt. No. 11 at 5. Munguia asserts that the statute "prevent[s] her from raising her federal claims in state court," and that she has the basis for a "firm prediction that she will be unable to protect her federal rights in state court." Id. at 6 (internal quotation marks and brackets omitted). However, Munguia has not carried her burden of showing that the law will deny her rights stated in terms of racial equality.

Munguia's legal argument appears to be that, because section 2924 does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized," Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011), that statute is unconstitutional. But plaintiff cites no on-point legal authority for this position, nor does she tie the alleged constitutional infirmity to race other than by alleging in a conclusory manner that she "cannot enforce her rights . . . as a Hispanic woman under the discriminatory laws of the State of California," Dkt. No. 11 at 12. And there is nothing on the face of section 2924 that suggests that it compels California courts to apply the law unequally to deny racial minorities their rights.

For these reasons, federal district courts in California have uniformly rejected similar attempts to remove unlawful detainer actions under § 1443(1) on the basis of alleged infirmities in section 2924. See, e.g., Nguyen v. Hutchis, No. SACV 13-1256 AG (JPRx), 2013 WL 4500574, at *1–2 (C.D. Cal. Aug. 21, 2013) (remanding despite similar argument that section 2924 somehow commands state courts to ignore federal rights); Fed. Nat'l Mortg. Ass'n v. Perez, No. CV 13-01082 MMM (SHx), 2013 WL 1010535, at

---

[1] That statute governs transfers of interest in property deemed to be mortgages. Cal. Civil Code § 2924. "A plaintiff bringing an unlawful judgment claim is entitled to judgment upon establishing that the property at issue was sold in accordance with California Civil Code section 2924 and that the requisite three-day notice to quit to defendant was served as required." Wells Fargo Bank, N.A. v. Dimas, No. C-11-05691 JCS, 2012 WL 1424803, at *3 (N.D. Cal. Apr. 24, 2012)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-00250-CAS(JCx) | Date | February 24, 2015 |
| Title | ABP PROPERTIES, LLC V. LETICIA MUNGUIA | | |

\*5 (C.D. Cal. Mar. 14, 2013) (rejecting "vague and conclusory" arguments that section 2924 "denies [defendant] equal protection of the laws through 'irrebuttable presumptions in favor of disclosure,' and that [defendant] cannot enforce his equal protection rights in state court"); HSBC Bank USA, N.A. v. Hatchett, No. CV 11-292 PA (OPx), 2011 WL 776214, at \*1 (C.D. Cal. Feb. 24, 2011) ("There is nothing on the face of California Civil Code § 2924 which compels California courts to make rulings on the basis of race. Defendant's conclusory allegations that the . . . courts and Plaintiff's attorney are applying the statute so as to target African Americans are also insufficient to support removal."); Aorora Loan Servs., LLC v. Murray, No. SACV 10-306 DOC (MLGx), 2010 WL 1538735, at \*2 (C.D. Cal. Apr. 14, 2010) (finding insufficient argument that California courts have applied section 2924 unfairly "because they have 'formulated a special, local series of customs, practices and policies' that cause respondents to always lose in unlawful detainer cases," where that alleged deprivation was not "tie[d] to [defendant's] claim of racial discrimination").

Mungiua also attempts to support her argument for civil rights removal by attaching the declaration of Martha Rojas, which summarizes an incident where co-defendant Osuna was allegedly mistreated by a California Superior Court judge. Dkt. No. 10. However, this single anecdote is insufficient to show a pervasive law or policy which will prevent Munguia from enforcing her civil rights in the state court. As stated above, the Ninth Circuit has made clear that "[b]ad experiences with the particular court in question will not suffice" to support removal under § 1443. Sandoval, 434 F.2d at 636; see also Peacock, 384 U.S. at 827 ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally corruptly denied in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.").

Finally, to the extent that Munguia attempts to base removal not on §§ 1981 and 1982, but on constitutional rights embodied in the First, Fifth, Seventh, Ninth, and Fourteenth Amendments, see Dkt. No. 11 at 7, such removal is not authorized by 28 U.S.C. § 1443. The Supreme Court has held that:

> the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-00250-CAS(JCx) | Date | February 24, 2015 |
|---|---|---|---|
| Title | ABP PROPERTIES, LLC V. LETICIA MUNGUIA | | |

Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

Rachel, 384 U.S. at 792; see Ward, 2014 WL 5840445, at *2 (citing this portion of Rachel and rejecting a similar attempt to remove an unlawful detainer action).

In sum, Munguia's notice of removal and response to the order to show cause do not support removal pursuant to 28 U.S.C. § 1443.

**III.   CONCLUSION**

The Ninth Circuit has held that "the district court must remand if it lacks jurisdiction." Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003); see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As discussed above, Court does not have subject matter jurisdiction over this action, and 28 U.S.C. § 1443 removal is improper. The Court therefore **REMANDS** this case to the Los Angeles County Superior Court.[2]

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] In her opposition, Munguia also requests that the Court grant a preliminary injunction or a temporary restraining order. As stated herein, this Court lacks jurisdiction over this matter, and therefore lacks the authority to grant injunctive relief under 42 U.S.C. § 1983 or any other statute.